### TRIMMIER v. WINSMITH.

1. It is not a commendable practice for a clerk of court to take a confession of judgment in his own favor, but the debtor who makes such a confession cannot afterwards object to it on the ground that the clerk was a party in interest.

2. The high interest called for by some of the notes for which the confession was given, and the hard and exacting contract that was the consideration of another, cannot be interposed as objections to a renewal of the execution.

3. Lands being offered for sale under a senior execution, the debtor, judgment creditors, and mortgagees (the mortgage being an intermediate lien) agreed that the proceeds of the sale should be applied to these liens in the order of their date, and it was so announced at the sale; such application was consented to, all parties being present, and an order was obtained from the Circuit Judge at chambers so directing. *Held*, that the sheriff properly applied the proceeds of sale, after paying the senior execution, to the mortgage, and the balance being thereby rendered insufficient to satisfy the junior executions, that they were unsatisfied.

4. A renewal execution should issue for the balance due upon the original, with interest from the date of the last credit on the principal debt.

Before PRESSLEY, J., Spartanburg, October, 1884.

The opinion sufficiently states the case.

*Messrs. J. S. R. Thomson* and *Duncan & Sanders*, for appellant.

*Messrs. Bomar & Simpson*, contra.

September 28, 1885.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was an application to renew the balance of an execution.   The defendant answered that the judgment had been paid.

It appeared that on March 13, 1879, the defendant confessed judgment *before the clerk* to the plaintiff for the sum of $1,659.77, upon which execution was duly issued.   This judgment was made up of several items of indebtedness, one of which was a note for $500, "given for services rendered by plaintiff in staying the sale of the defendant's lands advertised to be sold by the sheriff;" and F. M. Trimmier, the plaintiff, to whom the confession was made, was *the clerk of the court before whom* the confession of judgment was entered up.

There were liens upon the property of the defendant in the following order:   1. Judgment of Briggs.   2. Mortgage given to F. M. Trimmier and B. H. Moore to secure them as endorsers for defendant on a note to the National Bank of Spartanburg.   3. The aforesaid confession of judgment to Trimmier.   4. Judgment of D. H. Smith; and, 5. Judgment of R. E. Cleveland. On December 1, 1879, the land of defendant in Union County was sold by the sheriff under the Briggs judgment for $9,000, and at the sale it was, by direction of the parties, announced that the proceeds of sale would be applied to the liens in their order, *including the mortgage · named second in the order.*   The proceeds were so applied, the defendant expressly assenting, and the same being directed by order of Judge Wallace on the application of the defendant and B. H. Moore.   By this application the senior judgment of Briggs and the mortgage were paid off in full, and a payment on the judgment of F. M. Trimmier of $1,170.70, leaving a balance still due thereon of $771.25, and for this sum Judge Pressley ordered the execution to be renewed.

From this order the defendant appeals on the following

grounds : I. Because his honor erred in not holding that the judgment was paid. II. Because his honor erred in not holding that there was no judgment upon which to base an execution. III. Because his honor erred in holding that the judgment was not paid. IV. Because his honor erred in allowing the execution to issue for the sum of $771.25. V. Because his honor erred in allowing the execution to issue for any sum whatever.

It seems to us unusual, and not to be commended as a practice, for *the clerk of the court* to take and enter up a confession of judgment in his own favor as a creditor. The general rule certainly is that a judicial officer shall not render judgment upon a matter in which he has a personal interest—at least, not without the consent of the parties. (See the constitution, article IV., section 6.) But, in the case of the clerk of the court, it seems that no provision has been made for the discharge of such duty by any other officer. He is required "to sign officially all judgments." *Gen. Stat.*, § 742. Besides, his duties in entering up such a judgment are somewhat ministerial in character. The law prescribes fully and particularly what statement must be made by the defendant under oath, in order to have a judgment by confession ; and this "statement and affidavit with the judgment rendered shall thereupon become the judgment roll." *Code*, § 385. The defendant made the necessary statement himself, and had the judgment enrolled, and it seems to us that he cannot now object that the plaintiff, being *the clerk himself*, had no right to consider his application and statement and enrol the judgment.

It is true that some of the notes embodied in the judgment bore high interest, and that of $500 for services rendered in postponing a sale seems hard and exacting. But all objections of that kind should have been made when the judgment was confessed ; and not having done so at that time, the defendant cannot do so now.

But, assuming that the defendant cannot object to the validity of the judgment, he further contends that it was *paid by operation of law ;* that the sheriff had no right to apply any of the proceeds of sale to anything but *executions ;* and if that had been done, the judgment now proposed to be renewed would have been paid in full; that the sheriff had no right to consider the

mortgage at all, especially as it was only to indemnify the mortgagees against loss as endorsers. But here again the proof was clear that the defendant consented to this application. Trimmier, the owner of the judgment, was one of the mortgagees, and all the parties, including the defendant himself, consented to such application. Indeed, at the sale the announcement was made that such application would be made, and it was also directed by the order of Judge Wallace.

We cannot say that the application was unauthorized. The mortgage was handed to the sheriff like an execution, and the parties agreed that it should be paid in its order. The lands were sold under the execution of Briggs, which was senior to the mortgage. "If the land be sold under an execution *older* than the mortgage, the purchaser takes it discharged of the mortgage." *State* v. *Laval,* 4 *McCord,* 336. As was said by Judge Butler, in the case of *Cooper* v. *Scott* (2 *McMull.,* 155): "We think the sheriff was right in first satisfying the mortgages that were put in his hands, as they were older than the *fi. fa.s* in his office and operated as liens on some (all) of the property sold. The mortgagees were present, and, it seems, consented to release their lien by taking the proceeds of the property sold. It was competent for them to do so; and the sheriff, having acted as their agent, was justifiable in satisfying these claims in preference to the execution creditors," &c.

We see no error in the amount for which the execution was ordered to be renewed. It seems that the $53 complained of was the sheriff's commissions; and the order of Judge Pressley said nothing about compound interest. He simply found that so much principal and interest was now due—the true amount; but when the renewed execution is issued, it should express the balance remaining unpaid by the application in the sheriff's office, together with interest from that time, viz., December 1, 1879, until paid.

The judgment of this court is that the judgment of the Circuit Court be affirmed.